**UNITED STATES DISTRICT COURT**   **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| KERRY COLLIER, | § | |
| | § | |
| Movant, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 1:16-CV-244 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM ORDER OVERRULING MOVANT'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant Kerry Collier, a federal prisoner, proceeding *pro se*, brought this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends that the motion be dismissed without prejudice as a successive motion.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings and all available evidence. Movant filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes Movant's objections should be overruled. Movant acknowledges a previously filed motion to vacate, set aside or correct sentence, but asserts he filed this pleading as a supplement to his previous motion to vacate, *Collier v. United States*, Civil Action Number 1:12cv376. However, the pleading was assigned a new civil action number

and filed as a new motion to vacate. A review of the docket activity in Civil Action Number 1:12cv376 reveals Movant filed a motion for reconsideration in that case. The motion to vacate has been reinstated on the court's active docket and is currently pending before this court. Accordingly, Movant should file his amended claims in Civil Action Number 1:12cv376, styled *Collier v. United States*. Therefore, Movant's objections should be overruled, and this action should be dismissed without prejudice.

Furthermore, the movant is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying a motion under section 2255 may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, the movant has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by the movant are not

novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, the movant has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Thus, a certificate of appealability shall not be issued.

**ORDER**

Accordingly, Movant's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 21st day of December, 2016.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE